Case: 2:25-cv-12417
Assigned To : McMillion, Brandy R.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 8/5/2025
Description: CMP RAMZU YUNUS
V. CITY OF DETROIT ET AL (JB)

# Motion for Temporary Restraining Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Ramzu Yunus and Human Rights Policy Officers, on behalf of themselves and others similarly situated,
Plaintiffs,

v.

Detroit Land Bank Authority, Detroit Police Department, Office of the Mayor, City of Detroit Housing Agencies, Wayne County Treasurer, and Wayne County Sheriff,
Defendants.

Case No: [To be assigned]
Judge: [To be assigned]

MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME Plaintiffs, Ramzu Yunus and Human Rights Policy Officers, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and respectfully move this Court for a Temporary Restraining Order ("TRO") to restrain Defendants from conducting evictions, removing residents, or continuing any housing-related enforcement actions within the City of Detroit, pending further proceedings in this case.

As set forth in the accompanying memorandum, Plaintiffs and numerous residents are suffering ongoing irreparable harm due to imminent evictions and unlawful housing operations that violate constitutional and human rights protections. Plaintiffs seek immediate relief to prevent displacement, homelessness, and further injury.

A proposed order is submitted herewith. Plaintiffs respectfully request emergency consideration by this Court prior to any further government-led housing action.

Respectfully submitted,

Ramzu Yunus
Human Rights Policy Officers
Dated: August 05, 2025

# Memorandum of Law in Support of Motion for Temporary Restraining Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Ramzu Yunus and Human Rights Policy Officers, Plaintiffs,

v.

Detroit Land Bank Authority, Detroit Police Department, Office of the Mayor, City Housing Agencies, Wayne County Treasurer, and Wayne County Sheriff, Defendants.

Case No: [To be assigned]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

I. INTRODUCTION

This Court should immediately issue a Temporary Restraining Order ("TRO") to halt all evictions and housing enforcement actions by Defendants within Detroit. Plaintiffs Ramzu Yunus and Human Rights Policy Officers, on behalf of themselves and affected residents, allege widespread and ongoing constitutional and human rights violations. Absent immediate relief, Plaintiffs and numerous residents face irreparable harm including homelessness and destabilization.

II. LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), a TRO may issue when the movant demonstrates:

1. A substantial likelihood of success on the merits;
2. Irreparable harm in the absence of the injunction;
3. That the balance of equities favors the movant; and
4. That the public interest would be served by the injunction.

III. ARGUMENT

A. Plaintiffs Are Likely to Succeed on the Merits

Plaintiffs assert violations of the Due Process and Equal Protection Clauses of the U.S. Constitution, as well as the Fair Housing Act, and international human rights standards such as the International Covenant on Civil and Political Rights (ICCPR), ratified by the United States in 1992. The Detroit government has acknowledged over-assessing property taxes by over $600 million and illegal evictions, disproportionately impacting Afrodescendant residents.

B. Plaintiffs Face Irreparable Harm

Plaintiffs and other residents are facing imminent eviction and homelessness, which courts have routinely found to constitute irreparable harm. Once evicted, families suffer displacement, trauma, and health risks that cannot be remedied through monetary damages.

C. The Balance of Harms Favors Plaintiffs

While the city may claim administrative burden or policy goals, these pale in comparison to the real and irreversible harm of removing families from homes during an ongoing housing crisis.

D. An Injunction Is in the Public Interest

Preventing mass homelessness, protecting civil rights, and halting racial disparities in enforcement are squarely in the public interest.

IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue a Temporary Restraining Order immediately restraining Defendants from executing or initiating any eviction or housing enforcement actions.

Respectfully submitted,

Ramzu Yunus
Human Rights Policy Officers

Dated: August 05, 2025

# Proposed Temporary Restraining Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Ramzu Yunus and Human Rights Policy Officers, Plaintiffs,

v.

Detroit Land Bank Authority, Detroit Police Department, Office of the Mayor, City Housing Agencies, and Wayne County Sheriff, Defendants.

Case No: [To be assigned]

[PROPOSED] TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiffs' Motion for a Temporary Restraining Order and the supporting memorandum, affidavits, and exhibits, the Court finds that Plaintiffs have demonstrated:

1. A likelihood of success on the merits;
2. Immediate and irreparable harm absent relief;
3. That the balance of equities favors Plaintiffs; and
4. That a TRO serves the public interest.

IT IS HEREBY ORDERED that Defendants, their agents, officers, and employees are temporarily restrained and enjoined from:

1. Conducting or enforcing any evictions within the City of Detroit;
2. Initiating or continuing any housing-related enforcement actions against residents;
3. Removing or threatening to remove residents from properties affected by prior unlawful foreclosures or disputed titles;
4. Harassing or detaining residents asserting rights related to these housing claims.

This Order shall remain in effect for 14 days unless extended by the Court or replaced by a Preliminary Injunction after hearing.

SO ORDERED.

Dated: _____

_____

United States District Judge