UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMZU YUNUS, Individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

WAYNE COUNTY TREASURER, et al

    Defendant.
_____/

Case: 2:25-12417
Hon. Brandy R. McMillion

| | |
|---|---|
| **RAMZU YUNUS**<br>Pro Se Plaintiff<br>20177 Washburn St.<br>Detroit, MI  48221<br>(313) 293-7577 | **JAMES HEATH (P65419)**<br>Wayne County Corporation Counsel<br>**JACOB S. GHANNAM (P30572)**<br>Chief Assistant Corporation Counsel –<br>Tax Division<br>Attorneys for Defendant<br>Wayne County Treasurer<br>400 Monroe Street, Suite 290<br>Detroit, Michigan 48226<br>(313) 224-6671<br>jghannam@waynecounty.com |

_____/

**DEFENDANT COUNTY TREASURER'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. Civ. P. 12(b)(1) and
12(b)(6) IN LIEU OF AN ANSWER**

    **NOW COMES** Defendant, Wayne County Treasurer (Treasurer), by and through its attorneys **JAMES W. HEATH**, Corporation Counsel, and **JACOB GHANNAM,** Chief Assistant Corporation Counsel, and hereby moves to dismiss

1

Plaintiff, Ramzu Yunus (the "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for the reasons set forth in the accompanying brief.

In accordance with LR 7.1, on September 29, 2025, counsel for the Treasurer, Jacob Ghannam sought concurrence in this motion prior to its filing by attempting to speak by telephone with Ramzu Yunus and was unable to obtain his concurrence with the relief sought.

**WHEREFORE**, Defendant Treasurer respectfully requests that this Honorable Court grant its Motion for Dismissal, enter an Order dismissing Plaintiff's Complaint with prejudice, and award costs or other relief as this Court deems appropriate.

        Respectfully submitted,

        JAMES HEATH (P65419)
        Wayne County Corporation Counsel

        BY:   s/JACOB S. GHANNAM
        Chief Assistant Corporation Counsel
        Tax Division
        Attorneys for Defendant
        Wayne County Treasurer
        400 Monroe Street, Suite 290
        Detroit, Michigan 48226
        (313) 224-6671

October 3, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RAMZU YUNUS, Individually
and on behalf of all others similarly situated,   Case: 2:25-12417
                                                  Hon. Brandy R. McMillion

    Plaintiff,

v.

WAYNE COUNTY TREASURER, et al

    Defendant.
_____/

| | |
|---|---|
| **RAMZU YUNUS** | **JAMES HEATH (P65419)** |
| Pro Se Plaintiff | Wayne County Corporation Counsel |
| 20177 Washburn St. | **JACOB S. GHANNAM (P30572)** |
| Detroit, MI  48221 | Chief Assistant Corporation Counsel – |
| (313) 293-7577 | Tax Division |
| | Attorneys for Defendant |
| | Wayne County Treasurer |
| | 400 Monroe Street, Suite 290 |
| | Detroit, Michigan 48226 |
| | (313) 224-6671 |
| | jghannam@waynecounty.com |

_____/

## DEFENDANT WAYNE COUNTY TREASURER'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. PLAINTIFF'S COMPLAINT AGAINST THE TREASURER SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

    A. There is no Fourteenth Amendment and/or 42 U.S.C.S. § 1983 Violation

    B. There is no Equal Protection Violation

II. PLAINTIFF'S COMPLAINT AGAINST DEFENDANT WAYNE COUNTY TREASURER SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    A. Count I. There is no Violation of 14th Amendment Due Process Clause

    B. Count II. There is no Violation of 14th Amendment Equal Protection Clause

    C. Count III. There is no First Amendment Retaliation

    D. Count IV There is no Unjust Enrichment

    E. Count V. There is no Violation of International Law (ICCPR, Right To Water and Housing) Breach of Fiduciary Duty

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## **Caselaw**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

*Ass'n for Retarded Citizens of Dallas v Dallas County Mental Health & Mental Retardation Ctr Bd of Trustees*, 19 F3d 241, 244 (CA 5, 1994)

*Bano v Union Carbide Corp*, 361 F3d 696, 715–16 (CA 2, 2004

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007)

*D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)

*Fieger v Commissioner of Insurance*, 174 Mich App 467, 471; 437 NW2d 271 (1988)

*In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355, 833 NW2d 384 (2013)

*Johnson v State of Michigan,* 113 Mich App 447, 461; 317 NW2d 652 (1982)

*Johnston v City of Livonia*, 177 Mich App 200, 206-07, 441 NW2d 41 (1989)

*Kansas Health Care Ass'n, Inc v Kansas Dep't of Soc. & Rehab Servs*, 958 F2d 1018, 1023 (CA 10, 1992)

*Michigan S RR Co v. Branch & St Joseph Counties Rail Users Ass'n Inc,* 287 F.3d 568, 573 (6th Cir. 2002)

*Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 543; 817 NW2d 548 (2012)

*New Albany Tractor, Inc. v. Louisville Tractor, Inc*., 650 F.3d 1046, 1051 (6th Cir. 2011)

*Northern New Mexicans Protecting Land Water & Rights v United States*, No 15-0559, 2016 WL 546375, *18 (DNM, Jan 30, 2016)

*Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No. 2*, 309 Mich App 611, 623–24, 873 NW2d 783 (2015)

*Shaughnesy v Michigan Tax Tribunal*, 420 Mich 246, 248-49, 362 NW2d 219 (1984)

*Warren v. City of Athens,* 411 F.3d 697, 707 (6th Cir. 2005).

## Court Rules

Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(6)

Fed R. Civ. P. 17

## Federal Statutes

28 U.S.C § 1331

28 U.S.C.S. § 1367

42 U.S.C.S. § 1983

## State Statutes

The Michigan General Property Tax Act, MCL 211.1 *et seq*.

MCL 211.10(1)

MCL 211.27a

MCL 205.731

MCL 205.741

MCL 211.78a(2)

MCL 211.78g(1)

MCL 211.789

MCL 211.78k(5)

MCL 211.78a(1)

MCL 211.78h(1)

## STANDARD OF REVIEW

### A.     Subject-Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) allows for dismissal for "lack of jurisdiction over the subject matter."  When subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Michigan S RR Co v. Branch & St Joseph Counties Rail Users Ass'n Inc,* 287 F.3d 568, 573 (6th Cir. 2002).

### B.     Failure to State a Claim for Which Relief can be Granted

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555)

(other citations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

## BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT WAYNE COUNTY TREASURER

## INTRODUCTION

Michigan law requires that county governments foreclose upon property for nonpayment of property taxes. Under Michigan law, county governments neither perform individual property assessments on which property taxes are based, nor verify/certify whether a city's individual property assessments are accurate. If an individual disagrees with their individual property assessment, Michigan law requires that the person challenge it at the February city board of review. The individual can then appeal any determination to the March board of review, and then to the Michigan Tax Tribunal. Despite claiming that the City of Detroit property assessments are "inflated," Plaintiff, individually has not appeared to have challenged any individual property tax assessments through the state-mandated process. However, as further explained below, such allegations do not state a claim against Wayne County Treasurer (hereinafter Treasurer). Because the assessments are performed by the City of Detroit (and have not been legally challenged), and because Wayne County forecloses pursuant to mandatory provisions of state law that require foreclosure for nonpayment of taxes, no Wayne County "policy" is implicated, and consequently no violation can be asserted. Finally, Plaintiff cannot represent the real property interests of unidentified individuals claiming that their property assessments are inaccurate.

## RELEVANT FACTS

### Michigan's Property Tax Assessment Process

Under Michigan law, cities, townships, and villages must periodically perform an annual assessment of properties within their jurisdiction. MCL 211.10(1). If a property owner is dissatisfied with the assessment, the owner may challenge it. In the City of Detroit, the first step to challenge an assessment is to seek an appeal to the City Board of Review during the February Assessors Review Period.[1] If dissatisfied with the Board of Review's February decision, the taxpayer must then appeal to the March Board of Review. If dissatisfied with the Board of Review's March decision, a taxpayer must file an appeal to the Michigan Tax Tribunal. The Michigan Tax Tribunal can "affirm, reverse, or modify the decision of a March Board of Review, and in doing so, the tribunal is authorized to determine the property's taxable value in accordance with MCL 211.27a." *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 543; 817 NW2d 548 (2012). The Michigan Tax Tribunal has exclusive jurisdiction over disputes regarding property assessments. MCL 205.731; MCL 205.741. Furthermore, the Michigan Tax Tribunal has jurisdiction to hear claims that individual assessments were performed in a discriminatory manner and/or in violation of constitutional rights. *See, e.g.,*

---

[1] For City of Detroit residents, this process is outlined at
http://www.detroitmi.gov/Government/Boards/Property-Assessment-Board-of-Review-Process

*Johnson v State of Michigan,* 113 Mich App 447, 461; 317 NW2d 652 (1982) ("Phrasing this claim in constitutional terms of inflated property tax assessments and violation of due process does not change the nature of the claim as a challenge to property tax assessments. The constitutionally-expressed terms are merely a claim that the property was invalidly assessed, whether by use of a wrong factor, failure of duties or otherwise") (internal citation omitted); *Johnston v City of Livonia*, 177 Mich App 200, 206-07, 441 NW2d 41 (1989) ("The above claims, in our opinion, fall squarely within the scope of the Tax Tribunal's jurisdiction. The tribunal may decide claims framed in constitutional terms alleging that a tax assessment was arbitrary and capricious and without foundation").

The Michigan Supreme Court has summarized both the assessment and equalization as follows:

> The local assessors in each of Michigan's townships, villages, and cities, are required, each year, to determine the true cash value of taxable property located within the boundaries of the local taxing district. The local assessors' duty is to determine the true cash value of each item of property as of December 31 of the year preceding the tax year. These local valuations are merely tentative, however, because each item of property will ultimately be assessed at 50% of its true cash value as that value is finally determined after completion of the county and state equalization process.
>
> Each local taxing unit's "board of review" meets on the Tuesday immediately following the first Monday in March to review the assessment roles compiled by the local assessor. The board of review

11

> begins its "second meeting" on the second Monday in March to hear and determine taxpayer complaints relating to their property valuations. A taxpayer's appeal to the local board of review at this time is a prerequisite to any later action by the taxpayer before the Tax Tribunal.
>
> It should be noted that, because local valuations are merely tentative and are still subject to equalization, as discussed hereafter, a showing by a taxpayer before a board of review that his property is assessed at other than 50% of its true cash value will not entitle the taxpayer to relief. A taxpayer may obtain relief only if he can show that his property has been assessed at a different proportion of true cash value than the rest of the property within the same class in the taxing district.
>
> Pursuant to Const. 1963, art. 9, § 3, the Legislature has provided for a system of equalization. Beginning early in April and ending early in May of each year, the various county boards of commissioners meet to equalize the aggregate assessed value of each class of property in each of the taxing districts within their respective counties at 50% of each class' aggregate true cash value. Once county equalization is complete, the State Tax Commission meets to equalize aggregate assessed values among each of Michigan's 83 counties. The State Tax Commission will add to or deduct from the aggregate valuation of each class of property within each county such amount as will bring the aggregate assessment of those classes to 50% of the aggregate true cash value of the property within the class.

*Shaughnesy v Michigan Tax Tribunal*, 420 Mich 246, 248-49, 362 NW2d 219 (1984)

(citations omitted).

### Michigan's Tax Foreclosure Process

Michigan state law entirely governs the tax foreclosure process. If a taxpayer fails to pay taxes for one year to a municipality, the amount of unpaid taxes are

returned to a county treasurer as delinquent. MCL 211.78a(2). The county is then responsible for collecting the delinquent property taxes. If by March 1 of the second year of delinquency, the property taxes remain unpaid, the property forfeits to the county treasurer. MCL 211.78g(1). Under MCL 211.78q, a foreclosing governmental unit may develop a payment plan arrangement under certain conditions. By March 31 after year following the forfeiture, a circuit court judge must enter a judgment of foreclosure. MCL 211.78k(5).

## ARGUMENT

**A.    The Michigan Tax Tribunal Has Exclusive Jurisdiction Over Disputes Involving Individual Property Tax Assessments.**

The exclusive means to challenge an individual property assessment under Michigan law is to raise a dispute with the City Board of Review and then to the Michigan Tax Tribunal. In addition to adjudicating a disputed tax assessment, the Michigan Tax Tribunal has jurisdiction to hear claims involving discriminatory assessment practices and constitutional issues. Plaintiff has not provided any evidence that he individually challenged City of Detroit property tax assessments through the Michigan Tax Tribunal, during the years at issue from 2009-present.

Defendant Treasurer, as the county collector of delinquent taxes was not a party to any alleged "systematic overassessment of property taxes, illegal evictions,

water shutoffs, retaliatory policing and disinformation campaigns meant to suppress political advocacy for housing justice and self-determination. See Affidavit of Jean-Vierre Adams **(Exhibit 1).**

The Treasurer is the Statutory Foreclosing Governmental Unit. The Treasurer does not perform or certify individual property tax assessments. The Treasurer also does not promulgate, and cannot alter, Michigan state tax foreclosure law. The Michigan tax foreclosure law is written in mandatory terms with no relevant discretion to the county governments to refuse to foreclose if the statutory prerequisites are met. *See, e.g.*, MCL 211.78a(1) ("[P]roperty delinquent for taxes levied in the second year preceding the forfeiture under section 78g or in a prior year to which this section applies **shall be forfeited** to the county treasurer for the total of the unpaid taxes, interest, penalties, and fees for those years as provided under section 78g") (emphasis added); MCL 211.78h(1) ("Not later than June 15 in each tax year, the foreclosing governmental unit **shall file a single petition** with the clerk of the circuit court of that county listing all property forfeited and not redeemed to the county treasurer under section 78g to be foreclosed under section 78k for the total of the forfeited unpaid delinquent taxes, interest, penalties, and fees") (emphasis added); MCL 211.78k(5) ("The circuit court **shall enter final judgment** on a petition for foreclosure filed under section 78h at any time after the hearing under this section but not later than the March 30 immediately succeeding the

14

hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases or 10 days after the conclusion of the hearing for contested cases") (emphasis added).  Plaintiff has not made any claim against the Treasurer, or has alleged that any particular part of the tax foreclosure statute is unconstitutional or otherwise violates Procedural Due Process (Count I), Equal Protection (Count II), First Amendment Violation (Count III), that the Treasurer was Unjustly Enriched (Count IV) or was engaged in any violation of any International Law (Count V).

Therefore, this court must dismiss Plaintiff's claims for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1), and 12(b)(6), for failure to state a claim upon which relief can be granted.

**B.   Ramzu Yunus Individually and as a Representative of "Human Rights Policy Officers Lack Standing and are not the "Real Parties in Interest" to Challenge the Tax Foreclosure for Individual Property Owners.**

Plaintiffs seek to use certain alleged organizations or so called "official Positions" to pursue their claims for compensatory relief on behalf of unidentified individual residents who believe their property was over-assessed.

Generally, courts have held that "[i]n order to have associational standing, [an organization] must establish (1) that its members would have standing to sue in their own right, (2) that the interests [the organization] seeks to protect are germane to its

15

organizational purpose, and (3) that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *See, e.g., Ass'n for Retarded Citizens of Dallas v Dallas County Mental Health & Mental Retardation Ctr Bd of Trustees*, 19 F3d 241, 244 (CA 5, 1994) (citation omitted). Whether or not the neighborhood representatives/Human Rights Policy Officer" would be able to prove in fact that they can satisfy (1) and (2), they cannot satisfy (3). For Plaintiffs to succeed in the lawsuit, they have to establish that their individual properties were over-assessed by the City of Detroit. Because this requires an individualized inquiry as to the facts and circumstances of the assessment of each property, the above representative cannot pursue these claims on behalf of their alleged members. In dismissing a similar type of claim for an "injunction" relating to allegedly contaminated property, the Second Circuit held that the organization could not pursue claims for injunctive relief on behalf of its members:

> We take a similar view of the Bhopal organizations' request for remediation of their members' private properties. Participation by individual property owners would be needed to permit identification of which properties were contaminated. As to each property so identified, individual assessments would be required as to the nature, breadth, and severity of the contamination, and consideration would have to be given to, *inter alia,* each owner's actual and intended use or uses of his or her land, in order to permit a determination as to which specific remediation methods would be appropriate for the clean-up of that property. We conclude that, because the individual participation of the organizations' members would be necessary before an injunction ordering remediation

16

>of their private properties could be issued, the Bhopal organizations lack standing to pursue this form of relief on behalf of their members.

*Bano v Union Carbide Corp*, 361 F3d 696, 715–16 (CA 2, 2004); *see Kansas Health Care Ass'n, Inc v Kansas Dep't of Soc. & Rehab Servs*, 958 F2d 1018, 1023 (CA 10, 1992) ("Likewise, each of plaintiffs' contentions supporting the inadequacy of reimbursement rates must be accompanied by proof at trial showing a detrimental effect on efficiently operated providers. In addition, plaintiffs have not yet shown, nor has the district court found, that at least some members of the plaintiff organizations are efficiently and economically operated. Therefore, we conclude that proof of plaintiffs' claim that rates are not adequate and reasonable will necessarily require individual participation of the associations' members"); *Northern New Mexicans Protecting Land Water & Rights v United States*, No 15-0559, 2016 WL 546375, *18 (DNM, Jan 30, 2016) (unpublished) ("Demonstrating that each individual member owns an easement requires each individual member to participate to determine his or her own right to access the disputed roads").

In the alternative, permitting the organizations to "represent" unnamed property owners would also violate the "real party in interest" rule. FRCP 17, generally requires that an "action must be prosecuted in the name of the real party in interest[.]" "A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Fieger v*

17

*Commissioner of Insurance*, 174 Mich App 467, 471; 437 NW2d 271 (1988); "[T]he real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355, 833 NW2d 384 (2013). Here, because the neighborhood organizations presumably do not own the properties at issue and are asserting claims for injunctive and declaratory relief involving the rights of individual property owners, they are impermissibly resting claims for relief on the rights and interests of third parties. *See, e.g., Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No. 2*, 309 Mich App 611, 623–24, 873 NW2d 783 (2015) ("Just as trust beneficiaries may not enforce rights owned by the trust, the trust through its board of trustees may not enforce contract rights of the beneficiaries who are determined outside the terms of the trust. Consequently, the board of trustees is not the real party in interest to assert breach-of-contract claims regarding the CBAs") (citations omitted). Furthermore, permitting the alleged organization to pursue individual property owners' injunctive and compensatory and declaratory claims for properties results in fundamental unfairness to Treasurer because if the representative organizations is unsuccessful in this lawsuit, any judgment in favor of Treasurer may not be binding on the individual property owners.

Since Plaintiff, individually and as alleged representative of the human rights organization 'Human Rights" lacks standing to assert claims of injunctive and compensatory and declaratory relief over certain properties, and even if it did, they are not the "real parties" in interest, the Treasurer requests that the Court dismiss Plaintiffs lawsuit.

## CONCLUSION

For the foregoing reasons, Wayne County requests that the Court grant their motion for summary disposition.

                          Respectfully submitted,

                          JAMES HEATH (P65419)
                          Wayne County Corporation Counsel
                          BY:   s/JACOB S. GHANNAM
                          Chief Assistant Corporation Counsel
                          Tax Division
                          Attorneys for Defendant
                          Wayne County Treasurer
                          400 Monroe Street, Suite 290
                          Detroit, Michigan 48226
                          (313) 224-6671

October 3, 2025

## **PROOF OF SERVICE**

      I certify that on October 3, 2025, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system, and that a copy of the foregoing document was served upon the parties of record, using the electronic filing system and/or ordinary mail.

      /s/*Sanonya Washington*
Sanonya Washington
Department Supervisor