UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMZU YUNUS,

        Plaintiff,                  Case No. 2:25-cv-12417

v.                                          Hon. Brandy R. McMillion

CITY OF DETROIT, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL
## FOR FAILURE TO PROSECUTE

Plaintiff Ramzu Yunus ("Plaintiff") filed this civil rights class action lawsuit against Defendants City of Detroit, Detroit Land Bank, Wayne County Treasurer, Detroit Police Department and several Jon Doe Defendants (collectively "Defendants") for alleged constitutional violations relating to over-assessed property taxes in the City of Detroit. *See generally* ECF No. 1. Concurrent with filing the Complaint, he also filed a Motion for Temporary Restraining Order. *See* ECF No. 4. On October 3, 2025, Defendant Wayne County Treasurer file a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* ECF No. 14. That same day, Defendant Detroit Land Bank also filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). *See* ECF No. 16. The Court entered an Order Requiring Response to Defendants' Motions on October 5, calling for Plaintiff's response on or before October 24, 2025. *See* ECF No. 17; E.D. Mich.

L.R. 7.1(e)(2).  As of December 19, 2025, Plaintiff had filed no response, prompting the Court to issue its Order to Show Cause Why this Case Should Not be Dismissed for Failure to Prosecute.  ECF No. 18.  In its Order, the Court warned Plaintiff that failure to litigate his claims could result in dismissal of the case pursuant to Local Rule 41.2.  ECF No. 18, PageID.134.  Plaintiff again failed to respond to the Show Cause Order.

Consequently, for the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

## I.

Under Federal Rule of Civil Procedure 41(b), federal courts may *sua sponte* dismiss a claim for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion."  *Link*, 370 U.S. at 629.  Further, the Local Rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time."  E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Court considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

2

drastic sanctions were imposed or considered before dismissal was ordered.

*See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

## II.

Here, the factors collectively weigh in favor of dismissal. Starting with the first factor, courts will find that a plaintiff was motivated by willfulness, bad faith, or fault, if the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). In failing to comply with the Court's Order to Show Cause (ECF No. 18), Plaintiff has neglected to pursue his case or provide the Court with a valid reason why this case should proceed. His conduct shows "willfulness and fault in that he [is] at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739 (citations and internal quotations omitted).

As to the second factor, there is reason to believe that Plaintiff's conduct would prejudice the Defendants. To find prejudice, courts examine whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, Defendants have sought to address the Plaintiff's claims by filing Motions to Dismiss. By entering an appearance to defend the action

3

and drafting motions in response to Plaintiff's Complaint, Defendants have expended, at least, a moderate amount of resources to aid their defense. This factor, therefore, also weighs in favor of dismissal.

The third factor weighs heavily in favor of dismissal because of the Court's previous entries instructing the Plaintiff on his responsibility to pursue his claims. Following the Defendants' Motions to Dismiss, the Court entered an Order Requiring Response to Defendants' Motions on October 5, 2025, then, an Order to Show Cause on December 19, 2025, which ordered Plaintiff to notify the Court as to why it should not dismiss the case under its inherent authority on or before January 5, 2026. ECF Nos. 17, 18. In that Order, the Court warned Plaintiff that failure to respond would result in dismissal under Local Rule 41.2. ECF No. 18. Plaintiff did not respond to this warning – did not file a response to either motion to dismiss or to the Court's show cause order – warranting dismissal.

The fourth factor also clearly weighs in favor of dismissal. In issuing the previous order to show cause, the Court granted Plaintiff more time to respond to Defendants' motions, thereby attempting less drastic measures. ECF No. 18. The Court has considered all options and believes dismissal is the only "appropriate remedy available," under these circumstances. *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (finding that a plaintiff effectively abandoned their case after failing to respond to an order to show

4

cause). Because of Plaintiff's failure to respond to the order to show cause to effectuate continued litigation, the Court finds there is no utility in imposing or considering lesser sanctions.

### III.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) and Defendants' Motions to Dismiss (ECF Nos. 14, 16) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: January 9, 2026  
   Detroit, Michigan

s/Brandy R. McMillion  
Hon. Brandy R. McMillion  
United States District Judge